AM/PM USAO # 2020R00887

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

✓ ___ FILED   ___ ENTERED
___ LOGGED   ___ RECEIVED

**10:05 am, Mar 08 2021**

AT  BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

| | |
|---|---|
| **IN THE MATTER OF THE AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT AUTHORIZING A DNA SAMPLE COLLECTION FROM AQEEL EL-AMIN** | **Case No.**   1:21-mj-410 TMD |

**AFFIDAVIT IN SUPPORT OF**
**APPLICATION FOR A SEARCH WARRANT**

I, Lisa A. Christy, a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, depose and state as follows:

**INTRODUCTION**

1.      The ATF and Baltimore Police Department ("BPD") have been investigating Aqeel EL-AMIN for a violation of 18 U.S.C. §§ 922(g)(1) (possession of a firearm by a prohibited person).  This affidavit is being submitted in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 to obtain samples of Deoxyribonucleic Acid ("DNA") for comparison purposes in the form of saliva from EL-AMIN, a man born in 1998, and having been assigned an FBI number ending in PCPF, and depicted in Attachment A.  EL-AMIN is currently incarcerated at the Metropolitan Transition Center ("MTC"), located at 954 Forrest Street, Baltimore, Maryland.  The warrant would authorize members of the ATF, or their authorized representatives, to obtain DNA contained within saliva samples from EL-AMIN, as described in Attachment B.

2.      I submit this affidavit for the limited purpose of establishing probable cause to secure the requested search warrant. I have not included details of every aspect of this investigation to date.  Rather, I have set forth only those facts that I believe are necessary to establish probable

cause supporting the warrant.  I have not, however, intentionally omitted information that would tend to defeat a determination of probable cause.

3.      I believe that probable cause exists that EL-AMIN possessed a firearm in violation of 18 U.S.C. § 922(g) on November 20, 2020. Therefore, I respectfully request that this Court find probable cause that evidence of the aforementioned criminal violation is contained in the form of DNA in saliva in the possession of EL-AMIN.

## AFFIANT BACKGROUND

4.      I have been employed by the ATF since September 9, 2008, and am currently assigned to a joint task force comprised of ATF agents and detectives from the BPD.  As an SA, I have assisted in investigations involving violations of federal firearms and controlled substance laws, as well as violent crimes.  I have received specialized training regarding in various types of investigative activities, including, but not limited to the execution of search warrants, the consensual monitoring and recording of conversations, and the handling and maintenance of evidence. I have also participated in numerous investigations focusing on the trafficking of controlled dangerous substances ("CDS"), illegal firearms, and gang activity. I have conducted covert surveillance of suspected CDS traffickers, interviewed numerous individuals involved in gangs and the CDS trafficking trade, and participated in Title III wiretap investigations, the execution of numerous state and federal search and arrest warrants involving CDS traffickers and violent offenders, and the seizure of numerous firearms and CDS.

5.      I am familiar with firearm and narcotic statutes, and the methods employed by those who perpetrate these acts.  I have been the affiant on search warrants and made numerous arrests in the course of my career for firearm violations and other violent crimes.  I know based on my training and experience that DNA can be found on items such as clothing and firearms and can be

compared to a sample of DNA from a known person.  This comparison can help identify or eliminate suspects.  I further know that the Baltimore City Forensics lab will not test evidence for the presence of DNA (or do any subsequent comparison) without a standard to which it can be compared.

## PROBABLE CAUSE

6.      On November 20, 2020, at approximately 11:27 pm, BPD officers were patrolling the area of the 5000 block of Park Heights Avenue when they observed a silver Volkswagen Tiguan traveling at a high rate of speed with the lights off. When the officers conducted a traffic stop of the vehicle, the driver, EL-AMIN, did not have a driver's license. During the exchange, the officer smelled a strong odor of marijuana and observed that EL-AMIN appeared nervous, reaching around his seat and the interior compartment of the vehicle. When the officer asked if there was anything illegal in the vehicle,  EL-AMIN glanced at a jacket on the front passenger seat before responding that he could not say yes or no because he did not own the vehicle. Rather, EL-AMIN asserted that the vehicle belonged to his grandfather's friend, and he had quickly left his home in the vehicle to respond to a report that his grandfather had been robbed. The officer then observed that the jacket appeared to be concealing an unknown item or substance.

7.      The officer asked EL-AMIN to step out of the driver's seat and searched the vehicle. In the left jacket pocket, the officer recovered a Keltec P-11, 9mm luger semi-automatic handgun bearing serial number 46051. The firearm contained one live, 9mm cartridge in the barrel of the firearm and seven, live 9mm cartridges in the magazine.

8.      The recovered firearm was test fired and determined to be operable, satisfying the definition of a firearm pursuant to 18 U.S.C. § 921. The firearm was manufactured outside the state of Maryland and traveled in interstate commerce prior to its recovery in Maryland.

9.      In 2019, EL-AMIN pled guilty to conspiracy to distribute illegal narcotics in violation of 21 U.S.C. § 846. Accordingly, at the time EL-AMIN possessed the handgun on November 20, 2020, he was prohibited from possessing a firearm and knew or should have known that he had been convicted of a crime punishable by over a year imprisonment.

10.     The firearm was swabbed for the possible presence of epithelial cells.  The swabs cannot be forwarded for DNA analysis until a standard for a suspect is obtained and a comparison is requested.

## DNA AUTHORIZATION REQUEST

11.     Based on my training and experience, I believe that EL-AMIN's DNA may be on the firearm recovered during his arrest.  A known sample of his DNA is required in order to test and compare any and all DNA recovered. Accordingly, I am requesting authorization for a warrant to obtain samples of DNA for comparison purposes in the form of saliva from EL-AMIN to compare to the swabs taken from the firearm that I believe was possessed by EL-AMIN in violation of 18 U.S.C. § 922(g), possession of a firearm by a prohibited person.

12.     Further, I respectfully request that the Court issue a warrant authorizing members of the ATF, or their authorized representatives, including but not limited to other law enforcement agents, to obtain DNA samples from EL-AMIN so that the DNA sample may be compared to the swabs taken from evidence recovered in this case.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Lisa A Christy
Digitally signed by Lisa A Christy
Date: 2021.02.12 13:53:55 -05'00'

_____
Special Agent Lisa A. Christy
Bureau of Alcohol, Tobacco, Firearms and Explosives

1:21-mj-410 TMD

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this 18 day of February, 2021.

The Honorable Thomas M. DiGirolamo
United States Magistrate Judge

## ATTACHMENT A

**Photograph of Person to be Searched**

Aqeel EL-AMIN
YOB: 1998
Currently residing at: MTC
Last four digits of FBI No.: PCPF



Page 1 of 1

1:21-mj-410 TMD

## <u>ATTACHMENT B</u>

### Description of Items to be Seized

Buccal (oral) swabs of the inside of Aqeel EL-AMIN's mouth limited to the extent where sufficient samples of DNA are obtained.